IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40251
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE LUIS GUZMAN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-121-1
--------------------
February 13, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Luis Guzman, proceeding pro se, appeals from his guilty-plea conviction and sentence for possession with the intent to distribute cocaine.

Guzman argues that the district court erred in failing to account for Guzman's minor role in the offense. Guzman presents his issue as one pursuant to U.S.S.G. § 3B1.2. However, the issue was presented to the district court through a motion for a downward departure. See U.S.S.G. § 5K2.0. Consequently, we construe the argument as whether the district court erred in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying the motion for downward departure based in part on Guzman's purported minor role in the offense.  This court has "jurisdiction to review a district court's decision not to depart downward from the guideline range only if the district court based its decision upon an erroneous belief that it lacked the authority to depart."  United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).  The district court stated at sentencing that it had the authority to depart and declined to do so.  Thus, the issue is not reviewable.  See Landerman, 167 F.3d at 899.

Guzman argues that the district court erred in adjusting his offense level by two for possession of firearms, pursuant to U.S.S.G. § 2D1.1(b)(1).  The district court alternatively construed the motion for downward departure as an objection to this enhancement and denied the objection.  "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1, comment. (n.3).  The district court relied upon the information in the presentence report (PSR), and "a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing."  United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995).  The district court's finding is not clearly erroneous.  See United States v. Castillo, 77 F.3d 1480, 1498-99 (5th Cir. 1996).

For the first time on appeal, Guzman asserts that the two-level adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) was error in light of Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000), which held "any fact that increases the penalty for a crime

beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Through the signed plea agreement, Guzman waived his right to appeal his sentence except for guideline determinations.  Even if this issue were properly before this court, no error, plain or otherwise, is evident.  See United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000); United States v. Calverley, 37 F.3d 160, 162-64 (1994) (en banc).

AFFIRMED.