IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20516
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JORGE ELIECER CASTRO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-30-1
--------------------
March 6, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Jorge Eliecer Castro appeals the sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846.  Castro argues that the district court erred by enhancing his offense level pursuant to U.S.S.G. § 3B1.1(a) for his role as an organizer or leader.  He additionally asserts that the district court erred in holding him accountable for 50 kilograms of cocaine based on information from a Government informant.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's determination that a defendant is an organizer or leader under § 3B1.1 is a factual finding which this court will disturb only if it is clearly erroneous. United States v. Ayala, 47 F.3d 688, 689-90 (5th Cir. 1995). Generally, a presentence report (PSR) bears sufficient indicia of reliability to be considered as evidence by the sentencing judge when making factual determinations. United States v. Alfaro, 919 F.2d 962, 966 (5th Cir. 1990). A close examination of the PSR shows that it contained sufficient factual findings to support the leadership adjustment. See U.S.S.G. § 3B1.1(a), comment. (n.4); Ayala, 47 F.3d at 689-90. The district court's finding that Castro was a leader/organizer is not clearly erroneous.

We also review the district court's determination regarding the quantity of drugs for clear error. United States v. Alford, 142 F.3d 825, 831 (5th Cir. 1998). The sworn testimony of unindicted co-conspirator Jimmy Escalante provided sufficient corroboration for the statements Escalante made to investigative agents regarding the amount of drugs he was hired by Castro to distribute. See United States v. Morris, 46 F.3d 410, 425 (5th Cir. 1995). Furthermore, Castro cannot now complain, for the first time, that he was denied his rights of confrontation and cross-examination and fails to demonstrate plain error. See id. at 423; United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc), abrogated in part, Johnson v. United States, 520 U.S. 461 (1997). The district court's finding that Castro was accountable for the 50 kilograms of cocaine was not clearly erroneous.

AFFIRMED.