UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 94-40731

UNITED STATES of AMERICA,

Plaintiff-Appellee,

versus

GILBERT AYALA

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas

(February 27, 1995)

Before KING, GARWOOD, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

At the sentencing hearing, Appellant Gilbert Ayala did not specifically challenge any fact within his presentence investigation report (PSR) or offer any evidence. Ayala merely argued that there was no factual support for a four-level adjustment in his offense level for being a leader or organizer, and that he should receive a reduction for acceptance of responsibility. Finding some support in the PSR (which had been adopted by the sentencing court) for the leadership adjustment, and concluding that Ayala has not shown that this is an "extraordinary case" where adjustments for both obstruction of justice and acceptance of responsibility should coexist, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In 1992, Ayala was indicted with four codefendants and charged with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, and the substantive offense of possession with intent to distribute the marijuana. Ayala failed to appear for a pretrial hearing in Texas, and he remained a fugitive until his arrest in 1993 in Memphis, Tennessee, for a state charge of possession of marijuana. After he was returned to Texas, Ayala pleaded guilty to the 1992 federal marijuana charge.

The PSR recommended a two-level increase for obstruction of justice due to Ayala's abscondence from pretrial supervision. The PSR also recommended a four-level increase pursuant to U.S.S.G. §3B1.1(a) because Ayala was an organizer/leader of criminal activity involving five or more participants. Additionally, the PSR concluded that because of his abscondence, Ayala had not demonstrated acceptance of responsibility.

In his written objections to the PSR, Ayala had challenged the denial of a reduction for acceptance of responsibility. In the context of arguing that he was entitled to a three-level reduction for acceptance of responsibility, Ayala contended that "[i]f [he] had not truthfully revealed to the government his involvement in this case, the government would not have been able to assess him the points for his leadership role." At the sentencing hearing, however, Ayala also challenged his four-level increase for being a leader or organizer, asserting that there was no evidence to

support such a finding. Ayala did not specifically challenge any factual statement in the PSR. Ayala failed to produce any testimony or other evidence in support of his objections except the written plea agreement.

The government, having been first made aware of the leadership objection at the sentencing hearing, also failed to produce any evidence. The government asserted that ample testimony from codefendant Galindo at another trial, as well as the various reports submitted to the probation office, supported the PSR's conclusion regarding leadership/organizer increase. The sentencing court overruled Ayala's objections and adopted the PSR.

## II. ORGANIZER/LEADER INCREASE

Ayala contends that the district court erred in enhancing his base offense level by four levels for being a leader/organizer. He asserts that there was insufficient evidence to support such a finding. He does not contest that five or more participants were involved in the instant crime. Further, he offers no evidence in support of his position save for naked assertions that he was not an organizer or leader, asserting that "at best, [] the government has shown that he was a manager or supervisor" only.

This Court will disturb a district court's factual finding that a defendant was a leader/organizer pursuant to §3B1.1 only if it is clearly erroneous. United States v. Barreto, 871 F.2d 511, 512 (5th Cir. 1989). Factual findings are not clearly erroneous if they are plausible in light of the record read as a whole. United

-3-

States v. Whitlow, 979 F.2d 1008, 1011 (5th Cir. 1992). However, there must be an acceptable evidentiary basis for the court's factfindings at the sentencing hearing. United States v. Rodriquez, 897 F.2d 1324, 1327-28 (5th Cir.), cert. denied, 498 U.S. 857, 111 S.Ct. 158 (1990). As the party seeking an adjustment in the sentence level, the government had the burden of proving by a preponderance of the evidence the facts necessary to support the adjustment. See United States v. Elwood, 999 F.2d 814, 817 (5th Cir. 1993); United States v. Patterson, 962 F.2d 409, 415 (5th Cir. 1992).

Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing. See United States v. Gracia, 983 F.2d 625, 629 (5th Cir. 1993). The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it. Id. at 630. The court is free to disregard a defendant's unsworn assertions that the PSR is unreliable. Id. at 630 & nn. 21, 22; United States v. Lqhodaro, 967 F.2d 1028, 1030 (5th Cir. 1992) (objections in the form of unsworn assertions do not bear sufficient indicia of reliability to be considered).

A close examination of Ayala's PSR shows that there were sufficient factual findings to support the leadership adjustment. The PSR provided that a confidential informant had advised the Federal Bureau of Investigation that a large marijuana shipment would be sent from the Brownsville-Harlingen area of Texas to an

area in north Texas within a hidden compartment in a dark gray Peterbilt tractor-trailer with "AC Trucking" on both doors. On June 5, 1992, law-enforcement officers followed the above-described tractor-trailer to "Ayala's property" near Canton, Texas. There, future codefendants Richard Gonzalez, Robert Gonzalez and Victor Garza, both of whom the PSR states were working "for Ayala," unloaded the marijuana from the tractor-trailer into a mobile home. Ayala and Jose Galindo then left in the tractor-trailer and were apprehended. At the same time, officers detained Richard Gonzalez, Robert Gonzalez, and Victor Garza at the mobile home. Officers recovered 32 bundles on Ayala's property containing 643 pounds (291 kilograms) of marijuana.

A defendant's role in the criminal activity for the purpose of applying guideline section 3B1.1 may be deduced inferentially from available facts. See e.g. United States v. Manthei, 913 F.2d 1130, 1135 (5th Cir. 1990). Factors to consider include the exercise of decision making authority, the nature of participation in the commission of the offense, and the degree of control and authority exercised over others. U.S.S.G. §3B1.1 comment. (n.4). Here, the facts in the PSR providing that a substantial quantity of marijuana was transported to and stored upon Ayala's property, with Ayala present, and that the three unloaders, Richard Gonzalez, Robert Gonzalez, and Victor Garza, were working "for Ayala," supported the reasonable inference that Ayala was the leader and the resulting leadership increase. Accordingly, the district court did not

clearly err in assessing the four-level increase in Ayala's offense level for his leadership role.

## II.  ACCEPTANCE OF RESPONSIBILITY

Ayala next contends that he should have received a three-level reduction to his base offense level for acceptance of responsibility.  Ayala bears the burden of demonstrating the recognition and affirmative acceptance of personal responsibility. United States v. Mourning, 914 F.2d 699, 705-06 (5th Cir. 1990); §3E1.1(a).  The crux of his argument is that he pleaded guilty promptly after being arrested on a fugitive warrant and that his plea agreement contained a recommendation for an acceptance-of-responsibility reduction by the government.  He does not object to the two-level increase for obstruction of justice due to his abscondence, but asserts that activity does not preclude a finding of acceptance of responsibility.  His argument is unavailing.

We have opined that subsequent cooperation with law enforcement officers after flight from custody (constituting obstruction of justice) did not warrant a finding of acceptance of responsibility.  United States v. Ainsworth, 932 F.2d 358, 363 n.3 (5th Cir.), cert. denied, 502 U.S. 918, 112 S.Ct. 327 (1991).

Ayala admits that, while on pretrial supervision, he absconded, was a fugitive for approximately 15 months, and (while a fugitive) was arrested on a state charge for possession with intent to distribute marijuana, the same charge he was convicted of

in the instant matter.  Ayala has not shown that this is one of those "extraordinary cases" in which adjustments for both obstructions of justice under U.S.S.G. §3C1.1 and acceptance of responsibility under U.S.S.G. §3E1.1 would be appropriate.  <u>See</u> <u>United States v. Rodriquez</u>, 942 F.2d 899, 903 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1080, 112 S.Ct. 990 (1992); <u>Ainsworth</u>, 932 F.2d at 363 n.3.

CONCLUSION

For the above stated reasons, Ayala's sentence is **AFFIRMED**.