**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 98-40476

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN FRANCISCO DE LA FUENTE,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(M-97-CR-278-1)

August 9, 1999

Before EMILIO M. GARZA and PARKER, Circuit Judges, and FITZWATER,[*] District Judge.

PER CURIAM:[**]

Juan Francisco De La Fuente appeals his sentence following a guilty plea conviction of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846.

De La Fuente argues that the district court clearly erred by increasing his offense level pursuant to § 3C1.1 of the United States Sentencing Guidelines based on its finding that he obstructed justice. The sentencing court's finding that De La Fuente obstructed justice when he testified at the trial of his co-defendant, Jesus Gonsalez-Torres, was supported by the record evidence and encompassed all of the factual predicates necessary for a finding of perjury. *See United States v. Como*, 53 F.3d 87, 89 (5ᵗʰ Cir. 1995). The district court did not clearly err.

De La Fuente also argues that the district court erred by denying a downward adjustment in his offense level for acceptance of responsibility pursuant to § 3E1.1 of the United States Sentencing

---

[*]    District Judge of the Northern District of Texas, sitting by designation.

[**]    Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

Guidelines. Conduct which results in an offense-level enhancement under § 3C1.1 for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct" except in "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, comment. (n.4). De La Fuente does not contend, and the record does not indicate, that this is an extraordinary case in which adjustments for both obstruction of justice and acceptance of responsibility would be appropriate. *See United States v. Ayala*, 47 F.3d 688, 691 (5th Cir. 1995). In light of the district court's finding that De La Fuente obstructed justice, as well as the deferential standard of review applied to acceptance-of-responsibility findings, we conclude that the district court did not err in determining that De La Fuente was not entitled to a reduction in his offense level for acceptance of responsibility. *See United States v. Bermea*, 30 F.3d 1539, 1577 (5th Cir. 1994) ("The defendant bears the burden of demonstrating to the sentencing court that he is entitled to a downward adjustment for acceptance of responsibility, and we review the sentencing court's acceptance of responsibility determination with even more deference that under the pure clearly erroneous standard.").

AFFIRMED.