**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 99-20271
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**GUADALUPE DAVILA, also known as Lupe,
also known as Homes, also known as Gordo,
also known as El Gordo,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Southern District of Texas
(H-97-CR-226-6)**

_____

November 10, 1999

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Guadalupe Davila appeals his 140—month sentence following a guilty-plea conviction for conspiracy to possess with intent to distribute cocaine and marijuana. Consistent wth his sentencing-objection, Davila contends that the district court erred in calculating his offense level based upon finding that his offense involved 16 kilograms of cocaine.

The drug-amount finding is a factual determination, reviewed only for clear error. _E.g., **United States v. Alford**_, 142 F.3d 825, 831 (5th Cir.), _cert. denied_, ___ U.S. ___, 119 S. Ct. 514 (1998).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In this regard, a presentence report (PSR) is generally considered sufficiently reliable "to be considered by the trial court as evidence in making the factual determinations required by the sentencing guidelines". *United States v. West*, 58 F.3d 133, 138 (5th Cir. 1995).

Pursuant to the PSR, Davila relayed messages for the drug conspiracy, collected drug proceeds, and was compensated in cocaine; and, therefore, the PSR contained sufficient evidence to support finding that it was foreseeable to Davila that the conspiracy involved 16 kilograms of cocaine.

Davila did *not* present evidence to rebut the PSR's findings. Accordingly, the district court, which is entitled to adopt an uncontested PSR without further inquiry, *e.g., Alford*, 142 F.3d at 832; *United States v. Ayala,* 47 F.3d 688, 690 (5th Cir. 1995), did *not* clearly err.

**AFFIRMED**