IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10057
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT CHRISTOPHER TRAYLOR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:99-CR-23-03
--------------------
January 12, 2001

Before HIGGINBOTHAM, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Scott Christopher Traylor appeals his sentence following a guilty-plea conviction for: 1) conspiracy to defraud the United States; 2) uttering a counterfeit security and aiding and abetting; 3) interstate transportation of a stolen vehicle and aiding and abetting; and 4) uttering a fictitious security with intent to defraud and aiding and abetting.  Traylor argues that the district court erred in increasing his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1, and in denying him an offense

_____

[1]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

The district court properly based its finding of obstruction of justice on a combination of Traylor's actions. See United States v. Bethley, 973 F.2d 396, 402 (5th Cir. 1992) (affirming finding of obstruction of justice based on a combination of the defendant's actions). At the time of his first arrest, Traylor knew that an arrest warrant had been issued for him when he supplied the false name, under which he had committed other offenses, and a false driver's license. At the time of his second arrest, Traylor previously had been in custody and "felt there was a mistake with the release," but proceeded to flee on foot from the authorities.

"Obstructive conduct can vary widely in nature, degree of planning, and seriousness," and "the conduct . . . is not subject to precise definition." U.S.S.G. § 3C1.1, comment. (n.3). In light of the record as a whole, the district court's finding of obstruction of justice was not clearly erroneous. See Bethley, 973 F.2d at 402; see also United States v. Mondello, 927 F.2d 1463, 1466-67 (9th Cir. 1991) (affirming finding of obstruction of justice when defendant had already been arrested and was told he was a suspect, but played a cat-and-mouse game of avoiding authorities prior to his final arrest).

Traylor's assertion that he was entitled to an offense level reduction for acceptance of responsibility similarly is without merit. Traylor does not argue, and the record does not indicate,

that this is an extraordinary case in which adjustments for both obstruction of justice and acceptance of responsibility would be appropriate.  U.S.S.G. § 3E1.1, comment. (n.4); see United States v. Ayala, 47 F.3d 688, 691 (5th Cir. 1995).

Accordingly, the district court's judgment is

AFFIRMED.