IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40428
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAY MARTIN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-125-ALL
- - - - - - - - - -
January 23, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ray Martin pleaded guilty to theft of Government property, a violation of 18 U.S.C. § 641, after he illegally harvested timber on Government land. He now appeals his sentence. He argues that the district court erred in denying him a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant

_____

     [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

is accountable under § 1B1.3 constitutes significant evidence of acceptance of responsibility. § 3E1.1, comment. (n.3). However, Martin did not admit that he stole timber from the Government, nor did he admit the relevant conduct stemming from the illegally harvested timber from property belonging to others. Martin was denied the three-level reduction because he maintained that other people he employed were responsible for the illegal harvest, and he did not see his actions as criminal. He blamed others, including the Government, for his incarceration, and while in custody pending trial, he escaped. Conduct such as an escape, which results in an enhancement under § 3C1.1 for obstruction of justice (as it did in this case), generally indicates that the defendant has not accepted responsibility for his criminal conduct. § 3E1.1, comment. (n.4); see United States v. Ayala, 47 F.3d 688, 690-91 (5th Cir. 1995). The district court did not err in refusing to award Martin a three-level adjustment for acceptance of responsibility.

Martin argues that the district court erred in not sustaining his objection to a two-level increase pursuant to § 2B1.1(b)(4)(A) for more than minimal planning. He contends that the statement of Debra Shaw contained in the presentence report (PSR), to which FBI Agent Ronayne testified at the sentencing hearing and on which the court relied in assessing the two-level increase, was not reliable. A district court has discretion to adopt a PSR's facts without more specific inquiry or explanation if the defendant presents only general unsupported objections to the report. See United States v. Gray, 105 F.3d

956, 969 (5th Cir. 1997). Martin made only unsupported assertions that Shaw's statement lacked credibility. A court may rely on hearsay testimony from law enforcement officials at sentencing hearings. See United States v. Gray, 105 F.3d 956, 969 (5th Cir. 1997).

Martin presented no evidence that either Agent Ronayne or Shaw lacked credibility or that Shaw's statements to Agent Ronayne were in fact false. Moreover, Agent Ronayne's testimony pertained to only one of several tracts from which Martin illegally cut timber. The district court did not clearly err in assessing a two-level enhancement for more than minimal planning. See United States v. McCord, 33 F.3d 1434, 1454 (5th Cir. 1994).

AFFIRMED.