**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 00-20657

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FLAVIO GARCIA,

Defendant - Appellant.

Appeals from the United States District Court
For the Southern District of Texas
H-99-CR-690-1

June 22, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Flavio Garcia ("Garcia") appeals the district court's sentencing enhancement under the United

States Sentencing Guidelines. He alleges that the court erred in finding him a manager or supervisor

_____

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

of a criminal activity involving five or more participants. Finding no clear error, we affirm.

This case arises from the Drug Enforcement Agency's investigation into Garcia's drug trafficking activities in Texas. A confidential informant for the DEA informed law enforcement officials that Garcia, along with several co-conspirators, wanted the informant to help transport eight tons of marijuana. The confidential informant requested a payment of $80 per pound; Garcia responded that he would pay $60 per pound of marijuana that the informant transported. Over the next few weeks, Garcia and his co-conspirators met with the informant several times to arrange and finalize the transportation of the marijuana. Pursuant to this agreement, the DEA confidential informant received an initial shipment of 585 pounds of marijuana in McAllen, Texas. The informant was ordered to transport it to Houston, where Garcia had planned to receive the marijuana. Before the scheduled rendezvous, the informant contacted DEA special agents, who waited for Garcia in Houston and arrested him and several of his co-conspirators.

Garcia pleaded guilty to possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(vii), as well as to conspiracy to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846. The Pre-Sentence Investigation Report ("PSR") stated that Garcia should receive a total offense level of 26, including a three level increase for his supervisory role in the offense. *See* U.S.S.G. § 3B1.1(b). Garcia objected to the PSR, stating that there was insufficient evidence to support the finding that he played a supervisory role. The government filed a statement that Garcia should not be considered a supervisor because there was conflicting testimony about Garcia's actual role. The district court nevertheless denied Garcia's objection and assessed a three level increase for his supervisory role in the offense. The court sentenced Garcia to 72 months of imprisonment, five years

of supervised release, and a $3,000 fine with an additional $200 in special assessments. Garcia then filed this appeal.

In reviewing the district court's factual findings under the USSG, we look for clear error only. *See United States v. Ayala*, 47 F.3d 688, 689-90 (5th Cir. 1995). "Factual findings are not clearly erroneous if they are plausible in light of the record read as a whole." *Id.* at 690. Moreover, the PSR is presumed to have a sufficient indicia of reliability as long as there is some evidentiary basis for its findings. *See id.*

The Sentencing Guidelines allow a three level increase "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive". USSG § 3B1.1(b). The Commentary to this provision states that, "An upward departure may be warranted . . . in the case of a defendant who did not organize, lead, manage or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization." *Id.*

We hold that the district court did not clearly err in finding that Garcia played a supervisory role.[1] Garcia contends that his role in this drug operation was limited to driving the marijuana to Houston. The PSR, however, includes sufficient instances of supervisory acts taken by Garcia. For example, Garcia negotiated the amount of money the confidential informant would receive for transporting the drugs. *See United States v. Pierce*, 893 F.2d 669, 676 (5th Cir. 1990) (holding that setting prices and the manner of transportation are indicia of supervision). He also attended important meetings where the logistics of the drug trafficking plan were discussed. *See United States v. Palomo*, 998 F.2d 253, 257 (5th Cir. 1993) (holding that the defendant was an organizer because

---

[1] Garcia concedes that at least five persons participated in the drug trafficking scheme.

-3-

he attended an important meeting with a person "responsible for transporting large shipments of cocaine.") Garcia additionally told the confidential informant that he had a contact in Florida who could help out in transporting the drugs should one of the conspirators falter. *See United States v. Morris*, 46 F.3d 410, 419 (5th Cir. 1995) (stating that a defendant who gave orders regarding the transfer of drugs signified a supervisory role). And to the extent that other persons may have had a larger supervisory role than Garcia, it does not vitiate Garcia's status as a supervisor or manager. *See United States v. Goldberg*, 105 F.3d 770, 777 (1st Cir. 1997) ("[A] defendant need not be at the top of a criminal scheme to be a manager or supervisor").

We further reject Garcia's challenge of the PSR's reliability. *See generally United States v. Dabeit*, 231 F.3d 979, 983 (5th Cir. 2000) (although PSRs are generally presumed to be reliable, they cannot include conclusory statements). After reviewing the record, we hold that the facts in the PSR were based in part on the DEA's confidential informant's statements, which were consequently corroborated by affidavits of DEA special agents, by Garcia's confession, and by statements of Garcia's co-conspirators. *See United States v. Rogers*, 1 F.3d 341 (5th Cir. 1993) (holding that a confidential informant's statement can be reliable if supported by other sources); *United States v. Manthei*, 913 F.2d 1130 (5th Cir. 1990) (same). Garcia has failed to show that the PSR is unreliable.

AFFIRMED.[2]

---

[2] We must necessarily reject Garcia's claim that he should have received a two-level reduction under USSG § 5C1.2, because any defendant found to be "an organizer, leader, manager or supervisor" is ineligible for such a reduction. *See* USSG § 5C1.2(4).

-4-