IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11533
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MIGUEL GARCIA-DELGADO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CR-49-ALL
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Miguel Garcia-Delgado (Garcia) appeals his guilty plea

conviction and sentence for illegal reentry into the United

States after having been deported.  8 U.S.C. § 1326.  Garcia

contends that a 16-level increase in his offense level was

unwarranted because the Presentence Report (PSR) provided

inadequate support for the district court's finding that Garcia

had a prior conviction for smuggling aliens for profit.  See

_____

    *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

United States v. Elwood, 999 F.2d 814, 817-18 (5th Cir. 1993);
U.S.S.G. § 2L1.2(b)(1)(A)(vii) (Nov. 2001).

The PSR's information was based on facts contained in the PSR from Garcia's prior conviction which established that the smuggling was done for profit.  Thus, the PSR's facts in the present case were not like the "[b]ald, conclusionary statements" we condemned in Elwood.  Although Garcia objected to the PSR, he did not carry his burden of presenting rebuttal evidence to show that the PSR is inaccurate.  See United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995).  Therefore, the district court was entitled to rely on the facts in the PSR.  Id.

Garcia argues that the district court lacked jurisdiction to convict or sentence him for aggravated-felony illegal reentry because his indictment did not allege the existence of the prior aggravated-felony conviction.  He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  He seeks only to preserve the issue for possible Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 490.  This claim provides no basis for relief.

Garcia's conviction and sentence are AFFIRMED.