UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20227
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONCIO CASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-00-CR-766-1)
_____

October 31, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Leoncio Castillo appeals his bench trial conviction for inducing aliens to come, enter, or reside in the United States. Castillo contends jurisdiction in the district court was obtained improperly because it should only have been exerted over him pursuant to an extradition treaty. He concedes, however, that this contention is foreclosed by *United States v. Alvarez-Machain*, 504

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. 655 (1992).  He presents the issue solely to preserve it for further review by the Supreme Court.

Castillo also contends the evidence was insufficient to adjust his sentence for being a "leader" under U.S.S.G. § 3B1.1.  This court reviews that determination only for clear error.  *E.g.,* **United States v. Miranda**, 248 F.3d 434, 446 (5th Cir. 2001), *cert. denied*, 122 S. Ct. 410 (2002).  The district court did not clearly err in determining that Castillo was an organizer or leader of criminal activity involving five or more participants.  *See* U.S.S.G. § 3B1.1(a).  Castillo personally planned, organized, and participated in the offense, making the arrangements with the aliens while they were still in Costa Rica and personally taking them across the border from Honduras to Guatemala.  Although Castillo presented evidence that he did not own property in Nicaragua, there was unrebutted evidence suggesting that property owned by him in Honduras was used in the offense; and the district court was free to disregard the unsworn assertions that the presentence report was unreliable regarding Castillo's identity.  *See* **United States v. Cabrera**, 288 F.3d 163, 175 n.13 (5th Cir. 2002); **United States v. Ayala**, 47 F.3d 688, 690 (5th Cir. 1995).

**AFFIRMED**