IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10826
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY SANDERS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CR-3-12
--------------------
January 20, 2003

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Terry Sanders ("Sanders") appeals the sentencing following his guilty plea conviction for possession with the intent to distribute methamphetamine and aiding and abetting.  Sanders argues that the district court erred in applying U.S.S.G. § 4A1.1(d) to his criminal history score because he was not on probation when he committed the instant offense of conviction.

This court reviews the district court's application of the Sentencing Guidelines _de novo_.  United States v. Charles, 301

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 309, 312-13 (5th Cir. 2002) (en banc).  The presentence report (PSR) generally bears sufficient indicia of reliability, and the district court may rely on it when making the factual determinations required by the guidelines.  United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995).

The district court is permitted to consider unadjudicated offenses which occur after the offense of conviction for sentencing purposes, but only if they are "relevant conduct" under U.S.S.G. § 1B1.3.  United States v. Vital, 68 F.3d 114, 118 (5th Cir. 1995).  In order for the unadjudicated offenses to rise to the level of "relevant conduct", they must be a "part of the same course of conduct or common scheme or plan as the offense of conviction."  Id.

Sanders was placed on probation on October 2, 2001.  The PSR and the indictment indicated that Sanders' participation in drug operation continued until 2002.  Therefore, the district court did not err in applying U.S.S.G. § 4A1.1(d), because Sanders was on probation when he committed the relevant conduct related to the instant offense.  See United States v. Harris, 932 F.2d 1529, 1538-39 (5th Cir. 1991); Vital, 68 F.3d at 118; § 4A1.1(d), comment. (n.4).

AFFIRMED.