United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50896
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO SILVA-OLIVAS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-2107-2
---------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Alfredo Silva-Olivas (Silva) appeals his sentence following

pleading guilty to bribery of a public official, conspiracy to

import 1000 kilograms or more of marijuana, and four counts of

importation of 100 kilograms or more of marijuana.  He argues

that the district court erred when it found that he was a leader

or organizer under U.S.S.G. § 3B1.1.  The district court's

determination that a defendant is an organizer or leader

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

is a factual finding which this court will disturb only if it is clearly erroneous. United States v. Ayala, 47 F.3d 688, 689-90 (5th Cir. 1995).

For sentencing purposes, the district court may consider "any information which has sufficient indicia of reliability to support its probable accuracy." United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995) (quotation and citation omitted). A presentencing report (PSR) is considered reliable evidence for sentencing purposes. Id. Silva's PSR contained ample information supporting the district court's determination that Silva was a leader. The district court did not clearly err when it determined, based on the information in Silva's PSR, that he was a leader or organizer of his drug smuggling ring.

Silva also argues that the district court failed to comply with FED. R. CRIM. P. 32(c)(1) when it sentenced him, by not orally adopting the findings in the PSR. A court need not "make a catechismic regurgitation of each fact determined;" "the district court [may] make implicit findings by adopting the PSR." United States v. Duncan, 191 F.3d 569, 575 (5th Cir. 1999). "This adopting will operate to satisfy the mandate of Rule 32 when the findings in the PSR are so clear that the reviewing court is not left to second-guess the basis for the sentencing decision." Id. The district court overruled Silva's objection and adopted the PSR which clearly states that Silva was one of two heads of a drug smuggling operation. The district court

satisfied the mandate of Rule 32(c)(1).  The judgment of the district court is AFFIRMED.