**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 14, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-21167
Summary Calendar

———————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JAVIER GONZALEZ GARCIA, also known as La Muerta

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-572-9
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and WIENER, Circuit
Judges.

PER CURIAM:[*]

Javier Gonzalez Garcia (Garcia) appeal the 168-month
sentence imposed after he pleaded guilty to conspiracy to launder
money derived from drug trafficking.

Garcia contends that the district court should have reduced
his offense level by three levels under U.S.S.G. § 2X1.1 because
he did not substantially complete the offense underlying the
conspiracy charge before being arrested. We review this claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for plain error because Garcia did not raise it in the district court.  See United States v. Rodriguez, 15 F.3d 408, 415 (5th Cir. 1994).  The record shows that Garcia substantially completed the underlying offense as set forth in the indictment; his argument about his geographical distance from Mexico at the time of his arrest is irrelevant.  The district court committed no clear or obvious error by not reducing the offense level.  See United States v. Waskom, 179 F.3d 303, 308 (5th Cir. 1999) (§ 2X1.1(b)(2) requires no reduction for conspirator who made "substantial progress" in criminal endeavor).

Garcia also contends that there was no evidentiary support for the drug-quantity calculation used to establish his base offense level.  The Presentence Report (PSR) relied on the corroborated statements of co-conspirators that linked Garcia directly to the transportation of 17.22 kilograms of cocaine.  Because Garcia did not present any evidence to rebut the PSR's factual findings, the district court was entitled to rely on those findings.  See United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995).  Further, the PSR's findings were not the sort of "[b]ald, conclusionary statements" we disapproved of in United States v. Elwood, 999 F.2d 814, 817-18 (5th Cir. 1993).

The judgment of the district court is

AFFIRMED.