United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30399
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ANTOINE THOMPSON,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-70-ALL-K
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:*

    Antoine Thompson appeals the sentence imposed following his
plea of guilty to being a felon in possession of a firearm.  The
sentence was increased for Thompson's felonious possession of
crack cocaine in connection with the firearm offense.  See
U.S.S.G. § 2K2.1(b)(5) (Nov. 2002).

    The record plainly establishes that Thompson agreed with the
Government's "Factual Basis" which stated that the Government
"would prove" possession of both the firearm and the drugs.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Further, the PSR contained sufficient indicia of reliability to establish drug possession, and Thompson offered nothing to show that the PSR was "materially untrue, inaccurate or unreliable." See United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995).

Thompson also contends that the increased sentence was unconstitutional under Blakely v. Washington, 124 S. Ct. 2531 (2004).  He concedes that this challenge is foreclosed by United States v. Pineiro, 377 F.3d 464 (5th Cir. 2004), and he raises the issue only to preserve it for possible Supreme Court review. Blakely would afford Thompson no relief in any event because Thompson admitted the drug possession when he agreed with the factual basis recited in open court.  See Blakely, 124 S. Ct. at 2537 (admission by defendant supports sentence increase).

The judgment of the district court is

AFFIRMED.