United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51427
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO GUZMAN-SALINAS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:01-CR-1420-1
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mauricio Guzman-Salinas (Guzman) appeals the sentence imposed following his plea of guilty to one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine and one count of aiding and abetting another to possess with intent to distribute five or more kilograms of cocaine. We affirm.

Guzman first challenges the sufficiency of the evidence supporting the district court's imposition of a two-level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

increase under U.S.S.G. § 3B1.1 for Guzman's role as a manager or organizer. We review the district court's factual findings for clear error. United States v. Creech, 408 F.3d 264, 270 n.2 (5th Cir. 2005), pet. for cert. filed (Oct. 11, 2005) (No. 05-7201). In its written statement of reasons, the district court adopted the findings of the Presentence Report (PSR), which set forth facts showing that Guzman coordinated transportation of the load of cocaine at issue, took control of the operation after Manuel Zuniga became ill, and instructed the driver of the load regarding its delivery. Given these facts, the district court's conclusion that the enhancement was appropriate was not clearly erroneous. See United States v. Turner, 319 F.3d 716, 725 (5th Cir. 2003) (§ 3B1.1 enhancement was appropriate where defendant directed activities of another in sending and accepting packages regarding marijuana and paid him for those services); United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995) (a PSR generally bears sufficient indica of reliability to support a district court's factual findings).

Guzman next contends that the district court's imposition of the enhancement based on facts neither admitted by him nor found by a jury beyond a reasonable doubt violated his Sixth Amendment rights pursuant to United States v. Booker, 125 S. Ct. 738 (2005). We reject Guzman's argument that his objection to sufficiency of the evidence supporting the enhancement preserved this issue for appeal, as his objection did not sufficiently

alert the district court that Guzman was raising a Sixth Amendment challenge.  See, e.g., United States v. Pennell, 409 F.3d 240, 244-45 (5th Cir. 2005).  Thus, we review for plain error.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  Guzman has not shown that any Sixth Amendment error affected his substantial rights, because there is nothing in the record to indicate that the district court would have reached a significantly different result under an advisory rather than a  mandatory Sentencing Guidelines scheme.  See id.  For the same reason, we reject Guzman's additional unpreserved challenges to the district court's determination of drug quantity and its application of the Guidelines as mandatory.  See id.; see also United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir. 2005), cert. denied, ___ S. Ct. ___, 2005 WL 2494163 (Oct. 11, 2005) (No. 05-6242).

AFFIRMED.