United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20634
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FEDERICO CASTANEDA DE LA HOZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-23-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On March 15, 2005, Federico Castaneda de la Hoz (Castaneda) pleaded guilty to possession with intent to distribute 100 grams or more of heroin and importation of 100 grams or more of heroin. 21 U.S.C. § 841, 952, 960. The district court sentenced Castaneda to 78 months of imprisonment, to be followed by five years of supervised release, and ordered Castaneda to pay $200 in special assessments.

Castaneda argues that the district court erred in considering the drugs involved in his 2003 drug smuggling in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

calculating his base offense level.  Specifically, Castaneda argues that his drug smuggling in 2003 conduct was too remote in time and different from his 2004 offense to be relevant conduct under the Guidelines and that there was insufficient evidence to support the inference that his drug smuggling in 2003 involved heroin rather than cocaine.

Under the common scheme approach to relevant conduct, Castaneda's conduct in 2003 was properly included in the offense level calculation because the modus operandi of each trip was substantially similar, and the two trips involved common accomplices.  See U.S.S.G. § 1B1.3(a)(2); id., comment. (n.9(A)).  Notwithstanding the time interval between the trips, the similarities between them makes the district court's finding that the drug smuggling in 2003 was relevant conduct under the Guidelines "plausible in light of the record as a whole."  See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006).

On the other hand, the Government had the burden of proving by a preponderance of the evidence the facts necessary to support the two level adjustment in Castaneda's offense level, and "there must be an acceptable evidentiary basis for the court's factfindings at the sentencing hearing."  United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995); see also United States v. Mares, 402 F.3d 511, 518 (5th Cir.) (same), cert. denied, 126 S. Ct. 43 (2005).  By treating the 35 pellets Castaneda smuggled in 2003 as containing heroin, Castaneda's offense level was two

levels higher than it would have been had the district court treated them as containing cocaine. See U.S.S.G. § 2D1.1(c) (Drug Equivalency Table). Because the Government failed to prove by a preponderance of the evidence that the drug pellets Castaneda smuggled in 2003 contained heroin rather than cocaine, the district court erred in so finding. Nevertheless, Castaneda concedes that he should be held accountable for at least 350 grams of cocaine, and upon remand the district court should recalculate his base offense level by treating the 2003 smuggling trip as involving 350 grams of cocaine rather than heroin.

Castaneda also challenges the statutes under which he was convicted, arguing that 21 U.S.C. §§ 841, 952, and 960 are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). In United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), this court rejected the argument that Apprendi rendered § 841 facially unconstitutional. 238 F.3d at 582. Castaneda's challenge to the constitutionality of §§ 952 and 960 on the same grounds also lacks merit in light of the holding in Slaughter. See Slaughter, 238 F.3d at 582. Castaneda concedes that his attack on the constitutionality of §§ 841, 952, and 960 is meritless in light of circuit precedent, but he raises the argument to preserve it for further review.

For the foregoing reasons, vacate Castaneda's sentence and remand for resentencing.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.