REVISED MARCH 20, 2012

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2012

Lyle W. Cayce
Clerk

No. 10-41255
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IRINEO DE LA GARZA, also known as Nene,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-499-2

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Irineo De La Garza appeals his sentence following his guilty plea conviction for conspiracy to possess with the intent to distribute cocaine base. For the first time on appeal, De La Garza argues that the district court plainly erred in assessing him a three-level increase in his base offense level under U.S.S.G. § 3B1.1(b). He argues that the presentence report's characterization of him as a manager or supervisor was entirely conclusional and devoid of fact.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He further argues that his conduct was commensurate with the other conspirators, and that there is no indication that any of the conspirators were working for him.

Under the plain error standard, De La Garza must show "(1) error (2) that is plain and (3) that affects his substantial rights." See United States v. Castillo-Estevez, 597 F.3d 238, 240 (5th Cir.), cert. denied, 131 S. Ct. 457 (2010). "To be plain, legal error must be clear or obvious, rather than subject to reasonable dispute." Id. at 241 (internal quotation marks and citation omitted). This court will exercise its discretion to correct plain error if it seriously affected the fairness, integrity, or public reputation of the judicial proceeding. Id. at 240.

Under § 3B1.1(b), the defendant's offense level is increased by three levels if the "defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive...." § 3B1.1(b) (2009). "The commentary to Section 3B1.1(b) provides that even if a defendant was not a manger or supervisor, the enhancement may be warranted if the defendant 'exercised management responsibility over the property, assets, or activities of a criminal organization.'" United States v. Rose, 449 F.3d 627, 633 (5th Cir. 2006) (quoting § 3B1.1(b), cmt. n.2). "A defendant's role in the criminal activity for the purpose of applying guideline section 3B1.1 may be deduced inferentially from available facts." United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995).

The presentence report contained a lengthy description of the offense conduct which closely followed the factual basis admitted by De La Garza. The report recounted the observations of law enforcement agents as well as the information obtained from the conspirators following their arrest. Included was the fact that De La Garza admitted that he rented the residence for the prior year and that a co-conspirator told agents that he had retrieved marijuana from the residence on 15 prior occasions. Based on this information, the district court could infer that De La Garza exercised managerial responsibility over a

stash house used by the conspiracy. See § 3B1.1, cmt. n.2; see also United States v. Thomas, 932 F.2d 1085, 1092 (5th Cir. 1991) (noting that appellant's procurement of apartments in which drug proceeds and undistributed drugs were stored supported the district court's finding of an enhanced role). Accordingly, De La Garza has failed to show that the district court plainly erred in assessing him a managerial role enhancement under § 3B1.1(b).

AFFIRMED.