**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 24, 2012

Lyle W. Cayce
Clerk

No. 11-40929
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUMBERTO SANDOVAL-CHAVEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-412-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Humberto Sandoval-Chavez (Sandoval) pleaded guilty to possession of marijuana with intent to distribute and was sentenced to a 57-month term of imprisonment. Sandoval now appeals his sentence. We review the district court's application of the Sentencing Guidelines de novo; its factual findings are reviewed for clear error. *United States v. Villanueva*, 408 F.3d 193, 202-03 & n.9 (5th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sandoval's appeal concerns the application of an enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance and the denial of a mitigating role adjustment under § 3B1.2. He primarily argues that the district court erred by basing these sentencing determinations on the prosecuting attorney's understanding of the facts. A brief factual summary is in order.

The offense involved bundles of marijuana, which were found at a residence in McAllen, Texas. Cellophane wrapping material and digital scales were found in the bedroom closet. The Presentence Report (PSR) indicated that, according to information supplied to the probation officer by the case agent, the residence was being rented to Sandoval and his brother for $1,000 per month. This portion of the PSR is relevant to application of the § 2D1.1(b)(12) enhancement, as whether the defendant held a possessory interest is a factor the district court should consider in determining whether the defendant "maintained" the premises. *See* § 2D1.1, cmt. n.28.

Sandoval objected in writing to the application of the enhancement; he likewise objected to the denial of a mitigating role adjustment. At the sentencing hearing, he specifically denied having rented the residence. The matter was discussed at some length, and, in the course of that discussion, the attorney for the Government expressed that, according to his recollection of Sandoval's original statement, Sandoval and his brother had obtained the residence for the purposes of storing and wrapping the marijuana. Sandoval introduced no evidence in rebuttal of the information set forth in the PSR. The district court ultimately adopted the PSR.

"Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing. The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it." *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995) (internal citation omitted). Objections

to the PSR that are "merely in the form of unsworn assertions . . . are unreliable and should not be considered." *United States v. Lghodaro*, 967 F.2d 1028, 1030 (5th Cir. 1992).

Here, because no rebuttal evidence was presented, the district court was entitled to rely on the PSR and to adopt it without further inquiry. *See Ayala*, 47 F.3d at 690; *United States v. Mir*, 919 F.2d 940, 943 (5th Cir. 1990). Insofar as the district court may have considered the prosecuting attorney's unsworn assertion that Sandoval and his brother obtained the home, this was not error given that other evidence supported the district court's sentencing determination. *See United States v. Calverley*, 11 F.3d 505, 515 (5th Cir. 1993), *reinstated in relevant part on rehearing en banc*, 37 F.3d 160, 165 (5th Cir. 1994) (en banc).

To the extent that Sandoval argues that application of the enhancement was erroneous because there were unresolved issues concerning the amount of time he spent at the residence and his activities there, he fails to establish error. It is apparent from the sentencing transcript that the district court credited the PSR's account of the probation officer's interview of Sandoval, in which Sandoval explained that he did not reside at the house where the marijuana was stored. Consistent with that explanation, Sandoval admitted at sentencing that there was no furniture in the house. Accordingly, the district court's determination that the residence was being used exclusively as a stash house is plausible in light of the record as a whole, and that determination supports the district court's application of the § 2D1.1(b)(12) enhancement. *See* § 2D1.1, cmt. n.28. Sandoval has not shown reversible error in the application of the § 2D1.1(b)(12) enhancement.

Concerning the denial of a mitigating role adjustment, Sandoval argues that the district court erred by relying on the prosecuting attorney's unsworn assertions to determine that he managed the stash-house operation and that he rented the residence. He also asserts that the district court erred by making

assumptions that went beyond the evidence as to his role in the offense. As discussed below, there is no merit to these contentions.

It was Sandoval's burden to establish by a preponderance of the evidence that he was entitled to an adjustment under § 3B1.2. *See United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995). Sandoval introduced no evidence to rebut the information in the PSR that showed that he rented the residence, transported marijuana to the residence, unloaded and safeguarded the contraband, and brought his brother into the operation of the stash house. To the extent that the district court made determinations about Sandoval's role that went beyond the specific evidence set forth in the PSR, its determinations were reasonable inferences drawn from the facts, and were not clearly erroneous. *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

AFFIRMED.