# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60597
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE HILLIARD,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CR-117-1

Before JOLLY, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

George Hilliard was convicted by a jury of conspiring with others to steal Government property in violation of 18 U.S.C. § 371 and aiding and abetting in the stealing and conversion of approximately $23,000 and seven iPads belonging to the United States in violation of 18 U.S.C. § 641. He was sentenced to 21 months of imprisonment, three years of supervised release, and restitution in the amount of $20,499.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60597

Hilliard argues that the district court erred by admitting extrinsic evidence[1] concerning a previous robbery attempt by Hilliard and his co-defendants. Hilliard's plea of not guilty to the charge of conspiracy placed his intent at issue for purposes of Federal Rule of Evidence 404(b). *See United States v. Roberts*, 619 F.2d 379, 382-83 (5th Cir. 1980). The district court allowed the testimony of Leroy Garrett and the other co-defendants regarding this other robbery because it was relevant to show intent, knowledge, and motive of Hilliard. The court determined that Hilliard's state of mind and intent were clearly at issue, and that the probative value of the evidence was not substantially outweighed by unfair prejudice. *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). Additionally, the court gave a limiting jury instruction, emphasizing the "very limited purpose" for the use of such evidence. *See United States v. Brugman*, 364 F.3d 613, 621 (5th Cir. 2004). The district court did not abuse its discretion in admitting this evidence.

Next, Hilliard argues that the evidence was insufficient to prove beyond a reasonable doubt that he conspired with others to steal property belonging to the Government. He contends that he was merely an associate of Garrett and the other co-defendants and that he only had knowledge of the conspiracy but did not agree to participate in it.

Because Hilliard filed a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, we review the sufficiency of the evidence to determine if a rational juror could have found that the elements of the offense were proved beyond a reasonable doubt. *United States v. Kay*, 513 F.3d 432,

---

[1] The Government did not argue that the evidence in question was intrinsic, rather than extrinsic. *See United States v. Kinchen*, 729 F.3d 466, 471 & n.2 (5th Cir. 2013)(explaining difference between intrinsic and extrinsic evidence). Because we conclude that the district court did not err even applying the more stringent test for extrinsic evidence, we need not decide whether it was intrinsic or extrinsic.

452 (5th Cir. 2007). "To establish a violation of § 371, the government must prove: '(1) an agreement between two or more persons to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by one or more of the members of the conspiracy in furtherance of the objective of the conspiracy.'" *United States v. Freeman*, 434 F.3d 369, 376 (5th Cir. 2005) (citing *United States v. Peterson*, 244 F.3d 385, 389 (5th Cir. 2001)).

Hilliard admitted to federal agents after his arrest that he put the FBI's cooperating individual, Garrett, in touch with the three corrupt police officers, co-defendants Kent Daniels, Zack Robinson, and Watson Lee Jackson, Jr., for the purpose of robbing drug dealers at a hotel. The evidence shows that Hilliard entered into an agreement to provide the corrupt police officers so that they may commit the robbery and that he was involved in planning the date of the robbery based on the availability of the corrupt officers. Hilliard's role in the robbery was to "put it together" with Garrett, and the role of the corrupt officers was to execute it. Hilliard expressed his authority to decide how much the corrupt officers should receive from the robbery. Hilliard was heard in recordings encouraging the robbery to take place, and he expressed anger when he did not receive any money after the robbery. The evidence establishes that Hilliard intended to participate in the conspiracy by recruiting the corrupt officers to execute the robbery, by sharing in the proceeds of the conspiracy, and by deciding how the proceeds would be divided among the other participants in the conspiracy. *See United States v. Curtis*, 635 F.3d 704, 719-20 (5th Cir. 2011). There is no evidence that Hilliard tried to withdraw from the conspiracy. The evidence was sufficient to support Hilliard's conviction for conspiracy. *See United States v. DeLucca*, 630 F.2d 294, 300-01 (5th Cir. 1980).

No. 13-60597

Regarding Hilliard's argument that the evidence was also insufficient to convict him of aiding and abetting the theft of government property in violation of § 641, the preceding discussion of the sufficiency of the evidence regarding Hilliard's participation in the conspiracy also applies to his aiding and abetting culpability.  The evidence establishing his participation in the conspiracy was also sufficient for a jury to find that Hilliard was guilty of aiding and abetting in the theft of the Government property.  See *United States v. Pruett*, 681 F.3d 232, 247 (5th Cir. 2012); *Freeman*, 434 F.3d at 377.

Hilliard argues that the district court clearly erred in ordering restitution in the amount of $20,499 and in determining the amount of loss which increased his offense level by four levels under U.S.S.G. § 2B1.1(b)(1)(C). Hilliard argues that the amounts included costs associated with prosecution and criminal investigation.  He also argues that the district court erred in the guideline calculation because the Government failed to prove the loss amount by a preponderance of evidence, including the foreseeability of the loss of an iPad.

We apply the plain error standard of review because Hilliard did not make the same objection in the district court that he makes now on appeal concerning whether the loss was due to excluded costs or concerning the foreseeability of the loss of the iPad.  *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92, 394 (5th Cir. 2007).  The evidence at trial included recorded conversations which showed that Hilliard was aware that the robbery would involve at least $20,000 and iPads.  The amount of loss was foreseeable to Hilliard.  The $20,000 cash and $499 for one iPad represents the property actually stolen by the persons involved in the conspiracy and not costs to the Government as suggested by Hilliard.  The district court did not plainly err in finding the actual loss to be

$20,499 and ordering this amount to be paid in restitution.  *See Puckett*, 556 U.S. at 134-35.

Hilliard argues that the district court clearly erred by increasing the offense level to level 14 pursuant to § 2B1.1(b)(14)(B) because the Government failed to prove weapon possession by a preponderance of the evidence.  He contends that he objected to the finding in the presentence report (PSR) that the offense involved the possession of a firearm.  He cites testimony from the trial in which Robinson denied that any of the corrupt officers possessed a weapon, and testimony by Garrett that he did not remember guns being involved.  He argues that the information in the PSR indicating that Jackson admitted that he had his service weapon on him when he entered the hotel room is not sufficient.

In the district court, Hilliard challenged the enhancement on the ground that he did not personally possess a gun, whereas on appeal he challenges the enhancement on the grounds that neither he nor any of his co-defendants possessed a gun.  Accordingly, we review his arguments for plain error.  *See United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994).

The PSR contained information from FBI agents that they overheard in audio recordings of the robbery that Robinson mentioned that he had his gun with him, and that Jackson admitted to agents after his arrest that he had his service weapon on him when he entered the room.  Hilliard filed an objection to the PSR, stating that "the evidence established that Mr. Hilliard neither possessed a gun nor confessed to possessing a gun."  At Hilliard's sentencing hearing, Hilliard's counsel stated that he objected to the gun enhancement based on the fact that Hilliard was not carrying a gun that night and there was

no testimony that he ever had a gun.    The district court overruled the objection.[2]

Hilliard did not object to nor attempt to rebut the PSR's factual summary of the offense conduct which contained the information from the FBI agents concerning possession of weapons by Robinson and Jackson during the commission of the robbery.    The district court was entitled to rely on those findings in assessing the weapons enhancement.    *See United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010) (stating that district court may rely on the information in a PSR if the defendant does not rebut the findings); *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995)("The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it.").

AFFIRMED.

---

[2] The district court referenced its "rationale for [its] ruling [as] expressed in the sentencing of the other defendants."    We conclude this reference is to the reasoning and not to the testimonial evidence presented only at co-defendant Robinson's hearing.    Thus,  we reject the Government's effort to proffer testimonial evidence from other defendants' sentencing hearings in support of affirmance here and need not address Hilliard's objection to considering that evidence raised in his reply brief.    We conclude that the evidence presented in Hilliard's case, together with the PSR, support the enhancement.