IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-8288

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

IKWUEMESI UZOMA OKOLI,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas

_____

April 29, 1994

Before GARWOOD and JOLLY, Circuit Judges, and DUPLANTIER,[*] District
Judge.

E. GRADY JOLLY, Circuit Judge:

Ikwuemesi Okoli appeals the sentence imposed following his guilty plea to an information charging conspiracy to import heroin. Finding that his arguments are without merit, we affirm.

I

Our review of Okoli's sentence is limited. We will uphold a sentence "as long as the guidelines are correctly applied to findings that are not clearly wrong." United States v. Tansley, 986 F.2d 880, 887 (5th Cir. 1993).

_____

[*]District Judge of the Eastern District of Louisiana,
sitting by designation.

A

Okoli first argues that the district court erred in enhancing his sentence four levels under § 3B1.1(a) as "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The proof showed--and Okoli's counsel agreed--that Okoli not only recruited but also directed his codefendant, Patel. There was further undisputed proof of the involvement of four other named individuals, as well as several other persons whom the government declined to identify by name because of its continuing investigation. According to Okoli, such evidence was insufficient to justify the enhancement because the government did not demonstrate that he personally led or organized five or more participants in criminal activity.

At the time that Okoli was sentenced, there was a conflict between circuits in the interpretation of § 3B1.1(a). Some circuits had held that a sentence may be enhanced under § 3B1.1(a) only if the defendant personally led five or more participants, while other circuits have held that § 3B1.1(a) is satisfied with proof that the defendant led at least one of five participants in the criminal activity. Compare United States v. Barnes, 993 F.2d 680 (9th Cir. 1993), petition for cert. filed 62 U.S.L.W. 3657 (U.S. Apr. 5, 1994) and United States v. Dean, 969 F.2d 187 (6th Cir. 1992) with United States v. McGuire, 957 F.2d 310 (7th Cir. 1992) and United States v. Reid, 911 F.2d 1456 (10th Cir. 1990). Our circuit has never previously addressed this issue. We have

reviewed the opinions of other circuits, and we find plausible arguments supporting each interpretation of § 3B1.1.

In considering Okoli's argument, however, we are persuaded by a recent amendment to the commentary to the guidelines, which addresses this precise issue, presumably to clarify the meaning of language that has been subject to divergent interpretations. According to the amended commentary, "[t]o qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of <u>one or more other participants</u>." Although this comment was not in effect at the time that Okoli was sentenced, the guideline was in effect and the comment does not change the guideline but merely provides additional instruction to us in its proper interpretation. In the absence of some reason to depart from the commentary to the guideline, we will accept its counsel. Accordingly, we hold that the district court properly applied the guideline in enhancing Okoli's sentence under § 3B1.1(a).[1]

### B

Okoli argues next that the district court erred when it declined to depart downward from the statutory minimum sentence. Based on Okoli's substantial assistance, the government filed a motion to depart downward, pursuant to U.S.S.G. § 5K1.1, from the

---

[1]We recognize that this holding conflicts with decisions in at least two circuits but that conflict should be short-lived inasmuch as the contrary decisions were rendered before the November 1993 amendment.

sentence recommended under the guidelines; the government, however, did not file a motion to depart downward from the statutory minimum under 18 U.S.C. § 3553.  Approximately four months after Okoli's sentencing, this court joined other circuits in holding that a government motion for a § 5K1.1 departure grants the district court the discretion to depart from the statutory minimum without a separate motion under section 3553.  See United States v. Beckett, 996 F.2d 70, 74-75 (5th Cir. 1993).  There is nothing in the record, however, that Okoli ever requested the district court to depart downward from the statutory minimum or any proof that the district  court abused its discretion in failing to do so on its own motion.

## III

For the reasons set forth above, the judgment of the district court is

A F F I R M E D.