IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 97-20197

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ANTHONY SOLIS,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(CR-H-96-152-4)

March 23, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Michael Anthony Solis appeals his conviction and sentence for conspiracy to possess cocaine with the intent to distribute and aiding and abetting possession of cocaine with the intent to distribute.  See 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A); 18 U.S.C. § 2.  Solis argues that the district court failed to comply with the dictates of Fed. R. Crim. P. 11(c)(1) and (f) in accepting his guilty plea.  He further contends that the district court

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erroneously enhanced his sentence on the ground that he was a supervisor or manager of the conspiracy. Finally, Solis maintains that the district court should have reduced his sentence because he played only a minor role in the offense.

The district court complied with the dictates of Fed. R. Crim. P. 11(c)(1) and (f) in conducting the plea colloquy with any deficiencies amounting only to harmless error. See United States v. Johnson, 1 F.3d 296, 302 (5th Cir. 1993) (en banc); United States v. Adams, 961 F.2d 505, 511-12 (5th Cir. 1992). In addition, the district court did not clearly err in imposing the enhancement for manager or supervisor status. See United States v. Okoli, 20 F.3d 615, 616 (5th Cir. 1994). The district court also properly refused to reduce Solis's sentence on the ground that he was a minor participant in the offense. See U.S.S.G. § 3B1.2 commentary; see also United States v. Mueller, 902 F.2d 336, 345 (5th Cir. 1990).

The judgment of the district court is AFFIRMED.