IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50490
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ISMAEL CRUZ,

Defendant-Appellant.

*********************
Consolidated with
00-50492 and 00-50493
*********************

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CRUZ, also known as Pepe,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-1640-H
USDC No. EP-00-CR-92-H
USDC No. EP-00-CR-1000-H
--------------------
April 30, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Jose Ismael Cruz appeals from the district court's sentence following a guilty plea to one count of importing into the United

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States 1,000 or more kilograms of marijuana in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), one count of possession with intent to distribute 1,000 or more kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1), and three counts of assaulting a federal officer in violation of 18 U.S.C. § 111.  Finding no error, we affirm.

The Government contends that this appeal should be dismissed due to Cruz's waiver of his right to appeal in the plea agreements.  We find, however, that Cruz was not properly admonished by the district court and that the waiver is invalid. See United States v. Robinson, 187 F.3d 516, 517-18 & n.1 (5th Cir. 1999); Fed. R. Crim. P. 11(c)(6).

Cruz argues that the district court's sentence enhancement for being a leader or organizer of a criminal activity that involved five or more participants or was otherwise extensive was improper because he did not direct at least five participants in the drug offenses.  We have consistently held that a defendant need direct only one of the five culpable participants for this enhancement.  See United States v. Washington, 44 F.3d 1271, 1281 (5th Cir. 1995); United States v. Okoli, 20 F.3d 615, 616 (5th Cir. 1994).  We find that the facts in the PSR provide sufficient evidence that Cruz was a leader or organizer.  See United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995); U.S.S.G. § 3B1.1, comment. (n.4).  There is no clear error.

Cruz next argues that the district court erred by enhancing his sentence for obstruction of justice.  We find that the

district court was not clearly erroneous to apply this enhancement.  See <u>United States v. Singer</u>, 970 F.2d 1414, 1419 (5th Cir. 1992); <u>United States v. Alfaro</u>, 919 F.2d 962, 966 (5th Cir. 1990).

Finally, Cruz argues that his sentence for assault should not have been enhanced due to the victims' status as law enforcement officers because he pleaded guilty to the offense of assault on a federal officer.  Cruz's argument is foreclosed by our prior decisions.  See <u>United States v. Kings</u>, 981 F.2d 790, 792-93 (5th Cir. 1993); <u>United States v. Kleinebreil</u>, 966 F.2d 945, 955 (5th Cir. 1992).  Cruz also argues for the first time on appeal that the official victim status adjustment requires that the assault occur during the commission of another crime.  We do not find error in Cruz's sentence, but even assuming there was error in determining the base offense level for assault, such error was harmless.  See <u>United States v. Sidhu</u>, 130 F.3d 644, 652 (5th Cir. 1997).

AFFIRMED.