IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50181
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WARREN STALBIRD; MARSHALL VINCENT JOLLEY,

                                        Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-359-2
--------------------
January 29, 2002

Before KING, Chief Judge, JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Warren Stalbird appeals the 160-month sentence imposed by the district court after he was convicted of conspiracy to manufacture and distribute methamphetamine. Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), he argues for the first time on appeal that the district court failed to charge the jury with an essential element of the crime of conviction, namely the drug quantity upon which his sentence was based. Because Stalbird did not raise his Apprendi claim in the district court, this court's review is limited to plain error. See United States v. Meshack,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

225 F.3d 556, 575 (5th Cir. 2000), cert. denied, 531 U.S. 1100, amended on rehearing, 244 F.3d 367 (5th Cir.), cert. denied, 122 S. Ct. 142 (2001); Fed. R. Crim. P. 52(b).

Apprendi is limited to facts that increase a criminal penalty beyond the statutory maximum authorized by the jury's verdict. See United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 121 S. Ct. 1163 (2001). Stalbird's statutory maximum penalty was 20 years of imprisonment under 21 U.S.C. § 841(b)(1)(C). See United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001). Because his sentence of 160 months of imprisonment did not exceed that statutory maximum provided by the statute, Stalbird's Apprendi argument is without merit. See Keith, 230 F.3d at 787.

Stalbird also argues that various amounts of methamphetamine should not have been included as relevant conduct in determining his sentence. He argues that he should not have been held accountable for 283.5 grams of methamphetamine that was manufactured in early 1997. He also argues that 595.35 grams of methamphetamine produced in May and June of 1996 should not have been attributed to him because the "only evidence ... as it relates to this amount is that at one point he was present."

The district court did not assess Stalbird the 283.5 grams of methamphetamine he complains of, but rather the court lowered Stalbird's offense level by two levels after the Government conceded that such amount should not have been attributed to Stalbird. With respect to the 595.35 gram-amount, even if the

court had agreed with Stalbird and had subtracted the 595.35 gram-amount from the calculation of the methamphetamine attributable to him, there remained over 800 grams of methamphetamine attributable to Stalbird from his various other criminal activities.  Any amount over 500 grams results in an offense level of 32.  Thus, any error in including the 595.35 gram-amount was harmless.  Cf. United States v. Brito, 136 F.3d 397, 416 (5th Cir. 1998).  Stalbird's conviction and sentence are AFFIRMED.

Marshall Vincent Jolley appeals the 240-month sentence imposed by the district court after he was convicted of conspiracy to manufacture and distribute methamphetamine and possession with the intent to distribute methamphetamine.  He argues that the district court erred in determining that he was a "leader or organizer" of the methamphetamine conspiracy because the evidence showed only that there was a loose group of independent people in various segments of the methamphetamine business who had buyer/seller relationships or equal partnerships with him.  This court reviews such a factual finding for clear error.  See United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997).

"If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive" a four-level increase in his offense level is warranted.  See U.S.S.G. § 3B1.1(a).  Proof that the defendant had a supervisory role with respect to only one other culpable participant is sufficient to make the defendant eligible for the

enhancement.  United States v. Okoli, 20 F.3d 615, 616 (5th Cir. 1994).  Examining the information before to the district court, including the trial testimony of Zora Fewell and Timothy Sanchez, we hold that the district court did not clearly err by enhancing Jolley's sentence based on a supervisory role.

Jolley also argues that the district court erred by increasing his sentence based on a determination that he had obstructed justice.  "A finding of obstruction of justice under § 3C1.1 is a factual finding reviewed for clear error."  United States v. Upton, 91 F.3d 677, 687 (5th Cir. 1996).  In making factual determinations, it is appropriate for a district court to draw reasonable inferences.  See United States v. Brown, 54 F.3d 234, 242 (5th Cir. 1995).  Given the information before it, the district court could reasonably have inferred that Jolley coerced Bruce Martin into not testifying at trial.  The court thus did not clearly err in assessing the enhancement.  See Upton, 91 F.3d at 687.  The judgment of the district court is AFFIRMED.