**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 18, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50573
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CR-294-1-SS
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Hector Perez ("Perez") appeals the sentence imposed following his guilty-plea convictions for conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and possession with intent to distribute cocaine base. Perez argues that the district court erred by applying a four-level leadership enhancement to his sentence pursuant to U.S.S.G. § 3B1.1(a). Perez admits that he led one participant in the criminal activity, but argues that he did not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lead any of the other participants.  Perez further contends that leading one participant in a criminal activity that includes five or more participants is insufficient to support a four-level leadership enhancement.  Perez concedes that this argument is foreclosed by United States v. Okoli, 20 F.3d 615, 616 (5th Cir. 1994), but asserts that Okoli was incorrectly decided.

The district court's application of the four-level leadership enhancement under U.S.S.G. § 3B1.1 was not erroneous because Perez led at least one participant and the criminal activity involved five or more participants.  See Okoli, 20 F.3d at 616.  As there have been no superceding *en banc* or Supreme Court decisions contrary to Okoli, this panel cannot overrule the holding in Okoli.  See Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Because Okoli is controlling, we do not reach Perez's argument that he only led one of the participants in the criminal activity.

AFFIRMED.