# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2007

Charles R. Fulbruge III
Clerk

No. 07-30324
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KENYOUN GILYARD, also known as Pop

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50110-1

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kenyoun Gilyard appeals the sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute 50 grams or more of cocaine base. He argues that the district court clearly erred by applying a two-level enhancement for his possessing a firearm during a drug crime under U.S.S.G. § 2D1.1(b)(1). We review the district court's firearm adjustment under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2D1.1(b)(1) for clear error. United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993).

While there was no evidence that Gilyard carried a firearm when he sold drugs, the evidence showed that Gilyard carried firearms and used them in confrontations and gun battles relating to the drug conspiracy. Accordingly, the district court's application of the enhancement was not clearly erroneous. See United States v. Wilson, 116 F.3d 1066, 1094 (5th Cir. 1997), vacated in part on other grounds, 161 F.3d 256, 256 n.1 (5th Cir. 1998) (en banc).

Gilyard argues that the district court clearly erred by applying the four-level enhancement for his being an organizer or leader of a criminal activity involving four or more participants pursuant to U.S.S.G. § 3B1.1(a). He assumes without admitting that the Government proved that he was a leader or organizer of a criminal activity involving himself and his three co-defendants. He maintains that the Government did not prove the existence of a fifth participant in the criminal activity by a preponderance of the evidence.

The evidence before the district court showed that Ronald King and Shelby King, as well as Gilyard and his three co-defendants, were participants in the criminal activity. While there was no evidence that Gilyard organized or led Ronald or Shelby King, this is immaterial as the enhancement was proper if there were five or more participants in the criminal activity, and Gilyard organized or led at least one other participant. See United States v. Okoli, 20 F.3d 615, 616 (5th Cir. 1994). The district court's application of the enhancement was not clearly erroneous. See id.

Gilyard argues that the district court violated his Sixth Amendment rights by enhancing his advisory guidelines sentence range and sentence based upon facts not admitted by him or found by a jury. As he concedes, this argument is foreclosed. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

AFFIRMED.