# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2020

Lyle W. Cayce
Clerk

No. 19-40394
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EFRAIN VASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-107-4

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Efrain Vasquez was convicted of conspiracy to possess with intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime. The district court sentenced him to 293 months in prison on the conspiracy count and 60 months in prison on the firearm count, with the terms to run consecutively.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40394

Vasquez argues that the district court erred in denying his motion to suppress evidence resulting from a traffic stop. We review the "factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). The objective facts surrounding the traffic stop were presented at the suppression hearing by the testimony of the police officer supported by the video from his dashboard camera. Reviewing the evidence in the light most favorable to the Government, we conclude that the district court did not err by finding that the police officer's action in stopping the vehicle was justified by reasonable suspicion of a traffic violation. *See United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005).

Vasquez also challenges the four-level enhancement for his role in the offense assessed under U.S.S.G. § 3B1.1(b). We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013). The § 3B1.1(b) role enhancement applies if "(1) the defendant exercised managerial control over one or more of the other participants in the offense and (2) the offense involved five or more participants." *United States v. Rodriguez-Lopez*, 756 F.3d 422, 435 (5th Cir. 2014). Vasquez need not have personally managed or supervised five or more participants for the enhancement to apply. *United States v. Okoli*, 20 F.3d 615, 616 (5th Cir. 1994). The district court did not clearly err in applying the enhancement. *See Zuniga*, 720 F.3d at 590.

AFFIRMED.