**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 14, 2004**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 03-40945
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROOSEVELT TERENCE JEROME RAYFORD, also known as TJ,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 4:02-CR-88-6

(                                )

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Roosevelt Terrence Jerome Rayford appeals his sentence following his guilty plea to Count I of the indictment charging him with conspiracy to manufacture, distribute, or possess with intent to manufacture, distribute, or dispense cocaine base and marijuana, in violation of 21 U.S.C. § 846. Rayford argues that his case

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should be remanded to the district court for re-sentencing within the Guideline range of 262 to 327 months of imprisonment because the district court erroneously assigned Rayford a base offense level of 35 under U.S.S.G. § 4B1.1, the career offender guideline. Rayford's failure to object to his offense level determination limits this Court's review of his sentence to plain error. See United States v. Hawkins, 87 F.3d 722, 730 (5th Cir. 1996).

Our review of the transcript of the sentencing hearing in this case persuades us that the district court's erroneous use of offense level 35 was the result of two express misrepresentations made by the prosecutor and the probation officer who were present at the sentencing hearing; i.e. (1) that the district court's refusal to find that Rayford was guilty of an obstruction of justice had no significant impact on his sentence; and (2) that the applicable offense level for a career offender was 38 for the kind of conviction to which Rayford plead guilty.

In its brief, the Government makes no attempt to sustain the validity of the sentencing of 326 months entered by the district court in this case, stating:

> Although Rayford's sentence of 326 months is still within the Guideline range of an imprisonment, there is nothing in the record to support the conclusion that the district court would have sentenced Rayford to the same sentence absent the one point error in the offense level.

In its conclusion, the Government requests that "Rayford's sentence should be remanded to the district court for re-sentencing within the Guideline range of 262-327 months."

2

Under these circumstances, we have no hesitation in concluding that there was error in this case, such error was clear, and such error affected Rayford's substantial rights.  See, <u>United States v. Calverley</u>, 37 F.3d 160 (5th Cir. 1994).  Likewise, we conclude that such error "seriously affects the fairness, integrity or public reputation of judicial proceedings."  See, <u>United States v. Olano</u>, 507 U.S. 725 (1993).  Accordingly, we exercise our discretion to vacate Rayford's sentence and remand this case to the district court for re-sentencing within the Guideline range for Level 34.