United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30013
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NAKIA BARNES, also known as 2-2,

Defendant-Appellant.

\* \* \* \* \*
Consolidated with
No. 04-30014
\* \* \* \* \*

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES R. NATION, also known as Andre,

Defendant-Appellant.

\* \* \* \* \*
Consolidated with
No. 04-30110
\* \* \* \* \*

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARY L. NATION, also known as Marilyn,
also known as Maralyn,

Defendant-Appellant.

* * * * *
Consolidated with
No. 04-30111
* * * * *

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LEE DELL NATION, also known as Pop,
also known as Doom,

                              Defendant-Appellant.

* * * * *
Consolidated with
No. 04-30112
* * * * *

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

KERRY NATION, also known as K-Mac,

                              Defendant-Appellant.

* * * * *
Consolidated with
No. 04-30232
* * * * *

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

THOMAS EARL NATION, also known as Touche,

                              Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-30043-9
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

These consolidated appeals arise out of the prosecution of various members of a cocaine distribution ring in Farmerville, Louisiana. Six defendants, Thomas Nation (Thomas), Marilyn Nation (Marilyn), Kerry Nation (Kerry), Charles Nation (Charles), Nakia Barnes (Barnes), and Lee Dell Nation (Lee Dell), appeal various aspects of their convictions and sentences. We GRANT the motion by the Government to file a supplemental brief in Case No. 04-30112. Finding no error as to any defendant, we AFFIRM.

Thomas Nation

Thomas was convicted of one count of conspiracy to distribute 50 grams or more of cocaine base and two counts of distribution of five or more grams of cocaine base. He was sentenced to concurrent terms of 151 months in prison on all counts. Thomas challenges the sufficiency of the evidence supporting his conviction, the constitutionality of the district court's finding of drug quantity in light of Blakely v. Washington, 124 S. Ct. 2531 (2004), and the sufficiency of the evidence supporting the district court's sentencing enhancement for possession of a weapon pursuant to U.S.S.G. § 2D1.1(b)(1).

To support a conviction for a drug conspiracy, the Government must prove "1) the existence of an agreement between two or more

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

persons to violate federal narcotics laws; 2) the defendant's knowledge of the agreement; and 3) the defendant's voluntary participation in the agreement." United States v. Gonzales, 79 F.3d 413, 423 (5th Cir. 1996). With respect to distribution, a violation of 21 U.S.C. § 841(a)(1), the Government must prove that the defendant knowingly distributed cocaine base. United States v. Gordon, 876 F.2d 1121, 1125 (5th Cir. 1989). Our review of the record demonstrates that the evidence was sufficient to support the jury's verdict. As to the conspiracy count, two witnesses, Nakia Barnes and Aikeyo Lee, testified that on more than one occasion, they each bought crack cocaine from various Nation family members who obtained the crack from Thomas. As to the two possession with intent to distribute counts, Lee testified that he purchased in excess of five grams of crack cocaine on two occasions from Thomas. That testimony was corroborated by the testimony of several law enforcement officials as well as physical evidence. Although Thomas attacks Lee's credibility and the circumstances of the two drug purchases, it was within the jury's province to resolve those issues. See United States v. Bermea, 30 F.3d 1539, 1552 (1994).

With respect to Thomas's Sixth Amendment argument under Blakely, which now applies to the federal Sentencing Guidelines, see United States v. Booker, 125 S. Ct. 738 (2005), our review is limited to the plain error standard. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). Thomas cannot meet the third prong of the plain error test as the record does not indicate that the

district court would have given Thomas a lower sentence if it had been operating under an advisory rather than mandatory Sentencing Guidelines. See id. at 521-22. Accordingly, the district court did not commit plain error in sentencing Thomas.

Finally, the evidence at the sentencing hearing supported the § 2D1.1(b)(1) enhancement. The district court may consider any relevant evidence without regard to its admissibility at trial, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its probable accuracy. United States v. Gaytan, 74 F.3d 545, 558 (5th Cir. 1996); § 6A1.3(a). A Presentence Report (PSR) generally bears sufficient indica of reliability to support a district court's factual findings. United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995).

The PSR states that Thomas was trying to retrieve a gun when he was arrested and, at the time of his arrest, 1.9 grams of crack cocaine were found in his house. Thomas PSR ¶¶ 9, 12, 22. In addition, Thomas was convicted of a crack cocaine distribution conspiracy that involved the sale of drugs from his home, making his home the situs of the offense. See United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993). Based on those facts, it is not clearly improbable that the gun was connected to the drug conspiracy. See United States v. Villanueva, No. 03-20812, 2005 WL 958221 at *8 (5th Cir. Apr. 27, 2005); United States v. Condren, 18 F.3d 1190, 1199-1200 (5th Cir. 1994).

Accordingly, we AFFIRM the judgment of the district court as to Thomas Nation.

Marilyn Nation

Marilyn Nation pleaded guilty to one count of conspiracy to possess with intent to distribute five grams or more of a mixture containing cocaine base. She admitted to making sales of crack totaling 51.83 grams. On appeal, she contends that the evidence at sentencing was not sufficiently reliable to support the drug quantity attributed to her or a § 3B1.1 enhancement based on her status as a leader or organizer.

Agent Harry Deal testified that a co-defendant, Jeanette Thompson, informed him that she had sold crack cocaine on behalf of Marilyn on four or five occasions, usually in the amount of one ounce and was paid by Marilyn for doing so. The Presentence Report employed the lower figure of four ounces in calculating drug quantity. This evidence is sufficient to support the district court's calculation of drug quantity. See Gaytan, 74 F.3d at 558.

As to the § 3B1.1 enhancement, both Jeanette Thompson and Christopher Warren told Agent Deal that Marilyn and Lee Dell Nation received cocaine powder from Dallas, cooked it, and distributed it to other Nation family members for distribution. As noted, Thompson also told Agent Deal that she sold crack on behalf of Marilyn on four to five occasions. Although Marilyn attacks the credibility of Thompson and that of Aikeyo Lee, another witness, the record as a whole supports the district court's findings. See

Villanueva, 2005 WL 958221 at *8; United State v. Turner, 319 F.3d 716, 725 (5th Cir. 2003).

Accordingly, we AFFIRM the judgment with respect to Marilyn Nation.

Kerry Nation

Kerry Nation pleaded guilty to one count of a bill of information charging him with conspiracy to possess with intent to distribute five grams or more of cocaine base. He appeals the district court's denial of his motion to withdraw his guilty plea on the basis that his counsel misinformed him regarding the applicability of the § 4B1.1 career offender enhancement.

Based on the record before us, we cannot conclude that the district court abused its discretion in denying the motion to withdraw. See United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003). We also decline to address his ineffective assistance of counsel claim. See United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). However, we note that our decision is based on the fact that no evidence was adduced at the hearing on the motion to withdraw. Counsel made unsworn statements which suggest that Kerry Nation's guilty plea was the result of erroneous advice from his attorney.

As to Kerry's contention that his sentence should be reversed in light of Booker, he did not preserve the error, limiting our review to plain error. See Mares, 402 F.3d at 520. For the same reasons set forth with respect to Thomas Nation, Kerry fails to meet the third prong of the plain error test. We AFFIRM the

judgment of the district court, without prejudice to Kerry's right to file a motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel.

Charles Nation

Charles Nation pleaded guilty to a one-count bill of information charging him with conspiracy to possess with intent to distribute five or more grams of cocaine base. He challenges his sentence pursuant to Blakely. As Charles admitted the drug quantity during his guilty-plea hearing, and as the prior convictions used to enhance his sentence do not fall within Booker's scope, there was no Sixth Amendment violation. 125 S. Ct. at 756. Further, the district court's imposition of a sentence under a mandatory Guidelines regime did not constitute plain error, as there is no indication in the record that the district court would have imposed a lower sentence if the Guidelines had been advisory. See United States v. Valenzuela-Quevedo, No. 03-41754, 2005 WL 941353 at *4 (5th Cir. Apr. 25, 2005). Accordingly, we AFFIRM the judgment with respect to Charles Nation.

Nakia Barnes

Nakia Barnes pleaded guilty to one count of distribution of five or more grams of crack cocaine. The district court granted a § 5K1.1 motion for downward departure based on Barnes' substantial assistance. The court sentenced Barnes to 67 months of imprisonment, below the sentencing range of 121 to 151 months. It is not disputed that the sentencing range should have been 108 to 135 months, because the district court did not include in its

calculation an additional one-point reduction for acceptance of responsibility that it had previously awarded.

As Barnes did not object to the incorrectly-calculated range, we review for plain error. Barnes cannot demonstrate that the error affected his substantial rights because there is no indication that the error must have affected the outcome of the proceedings. See Mares, 402 F.3d at 521. Nothing in the record suggests a reasonable probability that the district court would have departed further from the correct guideline range. See id. at 521-22. Barnes' reliance on United States v. Waskom, 179 F.3d 303 (5th Cir. 1999), a harmless error case, and United States v. Rayford, No. 03-40945 (5th Cir. Jan. 14, 2004), an unpublished and factually distinguishable opinion, is misplaced. Therefore, we AFFIRM the judgment with respect to Nakia Barnes.

Lee Dell Nation

Lee Dell Nation pleaded guilty to conspiracy to possess with intent to distribute five grams or more of cocaine base. He raises several issues on appeal. The first seven challenge his sentence pursuant to Blakely. Alternatively, he asserts that the evidence did not support a § 3B1.1 enhancement based on his status as a leader or organizer or a § 2D1.1(b)(1) weapons enhancement. As to Lee Dell's Blakely challenges, we again review these unpreserved claims for plain error and, for the same reasons we have articulated with respect to Thomas and Kerry Nation, Lee Dell fails to satisfy the third prong of the plain error test.

We further conclude that the evidence supported the enhancements. As to the § 3B1.1 enhancement, the same evidence supporting the enhancement as to Marilyn Nation supports the enhancement as to Lee Dell Nation. With respect to the § 2D1.1(b)(1) enhancement, the PSR determined that a gun was found in Lee Dell's truck along with $16,000 in cash and 84 grams of crack cocaine. Agent Deal also testified that weapons were found in Lee Dell's home. This evidence amply supports the enhancement. See Condren, 18 F.3d at 1199-1200.

We reject Lee Dell's constitutional challenges to the disparate treatment of crack and powder cocaine. See United States v. Wilson, 77 F.3d 105, 112 (5th Cir. 1996); United States v. Galloway, 951 F.2d 64, 66 (5th Cir. 1992).

For the foregoing reasons, we AFFIRM the judgment of the district court as to each appellant.

AFFIRMED.