# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2010

Lyle W. Cayce
Clerk

No. 09-41173
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN LOUIS JORDAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-1168-20

Before GARWOOD, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

John Louis Jordan appeals his sentence following his guilty plea convictions for conspiracy to possess with the intent to distribute controlled substances and conspiracy to launder monetary instruments.[1]  We review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The judgment was entered on the docket Monday, November 9, 2009; notice of appeal was filed Monday, November 23, 2009; as a motion for extension of time could then (or within several days thereafter) have been filed and granted extending the time for filing notice of appeal to December 1, 2009, we deem it "just and practicable" (as stated in the Supreme Court's order adopting the 2009 amendments to the Rules of Appellate Procedure) to apply FED. R. APP. P. 4(b), as amended effective December 1, 2009, to this proceeding which was

sentences for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we must determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct, and whether the sentence imposed is substantively reasonable. Review is for an abuse of discretion. *Id.*

Jordan first argues that the district court erred in attributing various drug quantities to him for sentencing purposes. A district court's determination of the amount of drugs for which a defendant should be held responsible is a factual finding reviewed for clear error. *United States v. Posada-Rios,* 158 F.3d 832, 878 (5th Cir. 1998). A PSR generally bears sufficient indicia of reliability to permit a district court to rely on it at sentencing; the defendant has the burden of demonstrating that the PSR is inaccurate and, in the absence of rebuttal evidence, the district court may rely on the PSR and adopt it. *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009) (quoting *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995)).

The district court attributed a large quantity of drugs seized from a residence on Myrna Lane in Houston, Texas, to Jordan. Jordan has presented no evidence to rebut the PSR's finding on this point. *See Ollison*, 555 F.3d at 164. Although Jordan cites both a "master surveillance report" and a "seizure supplement" in support of his arguments, there is no indication that either report was presented to the district court or is in the appellate record. In addition, the district court did not clearly err in finding there was evidence connecting Jordan to this location.

Also, Jordan challenges the amounts attributed to him following the seizure of several boxes of cocaine that had been mailed by his girlfriend. He argues that the PSR indicated both that 10 kilograms of cocaine was seized and

---

pending on December 1, 2009.

that 11.093 kilograms of cocaine was seized. Jordan asserts that a "sworn return inventory" of these packages also stated that only 10 kilograms was seized. Again, this "sworn return inventory" was not presented to the district court and does not appear in the record. Jordan has not rebutted the PSR's finding that the amount of cocaine in the boxes was 11.093 kilograms. *See Ollison*, 555 F.3d at 164.

The district court attributed 7.53 kilograms of cocaine to Jordan that was seized after agents observed his sister receiving a shipment of cocaine. Jordan argues this amount was erroneous because, during her post-arrest interview, his sister was told that 6.35 kilograms of cocaine had been seized and later was told that 7 kilograms of cocaine had been seized. Jordan argues that the district court should have used 6.67 kilograms for sentencing purposes, which would have split the difference between 6.35 kilograms and 7 kilograms. However, Jordan has not presented any evidence to show that his sister was told that a lesser amount of cocaine had been seized. *See Ollison*, 555 F.3d at 164. He also has not shown that information provided to a co-defendant during a post-arrest interview would be competent rebuttal evidence. *See United States v. Parker,* 133 F.3d 322, 329 (5th Cir. 1998).

Additionally, Jordan argues that the district court erred by applying only a five percent reduction to account for the packaging materials used on the seized drugs. He argues that a "seizure supplement" established that 13.6% of the gross weight of the marijuana seized from the Myrna Lane residence constituted packaging material. In a related claim, he asserts that the five percent figure used by the district court was "arbitrary, unreliable, and unfair." Because the "seizure supplement" was not presented to the district court and does not appear in the record, Jordan has not rebutted the PSR's finding that the

appropriate reduction for packaging was five percent.[2]  *See Ollison*, 555 F.3d at 164.

Jordan also argues that the district court erred by imposing an aggravating role enhancement under U.S. GUIDELINES § 3B1.1(b) (2009).  He asserts that the group that he "managed/supervised" was small, unorganized, and included only four participants.  A defendant's base offense level may be increased three levels "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." *Id*. § 3B1.1(b).  The enhancement may be applied even if Jordan managed or supervised only one other person. *See id*. § 3B1.1, comment. (n.2).  The "five or more participants" requirement applies to the criminal activity generally, not the number or persons supervised or managed. *See id*. § 3B1.1(b); § 3B1.1, comment. (n.2).  For example, Jordan received drugs from a man named Aldo Reyes.  The defendant used a residence owned by Yanira Barrera as an exchange location for narcotics and illegal proceeds.  While he did not manage or supervise those two individuals, they were part of the larger criminal activity that involved at least six participants.  Jordan has not rebutted the findings that the overall conspiracy involved more than five participants and was otherwise extensive.

---

[2] Even if we assume Jordan is correct on each of these latter three points of error, he still has not shown reversible error.  The PSR holds Jordan accountable for 1.05 kg of cocaine and 615.7 kg of marihuana seized on May 9, 2007, 11.093 kg of cocaine seized on August 17, 2007, and 7.53 kg of cocaine and 14 ounces of marihuana seized on December 1, 2007.  The defendant was held responsible for a total of 19.673 kg of cocaine and 615.84 kg of marihuana.  If we assume the district court should have only held him responsible for 10 kg of cocaine on August 17, and 6.67 kg of cocaine on December 1, he would still be responsible for a total of 16.67 kg of cocaine and the same amount of marihuana.  Using the Guidelines' conversion table, that equates to 3949.84 kg of marihuana equivalent. *See* U.S. SENTENCING GUIDELINES § 2D1.1 cmt. n.10(E) (2009) (one gram of cocaine equates to 200 grams of marihuana); *id*. § 2D1.1 cmt. n.10(B) (where there are multiple drug types, convert to its marihuana equivalent).  Finally, even if we take 13.6% off the *entire* weight for packaging, the defendant would still be accountable for 3412.66 kg of marihuana equivalent.  That is well within the 3,000 to 10,000 kilogram range that the district court used to sentence him under. *See id*. § 2D1.1(c)(3).

Finally, Jordan argues that his sentence was substantively unreasonable because he became involved in drug trafficking only because he "lost" a load of marijuana given to him on credit and he owed the trafficking organization a large sum of money. He also asserts that his own "tremendous marijuana habit" placed him in the company of higher-level members of the conspiracy. This court gives "great deference" to a sentence that falls within the pertinent guidelines range and "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines" when such a sentence is imposed. *Mares,* 402 F.3d at 519. Jordan's 188-month sentence is at the bottom of the applicable advisory guidelines sentencing range and when challenged on appeal is presumptively reasonable. *See Rita v. United* States, 127 S.Ct. 2456, 2466-68 (2007); *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006). A defendant's disagreement with the propriety of the sentence imposed does not rebut the presumption of reasonableness. *Cf. United States v. Gomez-Herrera,* 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez,* 523 F.3d 519, 526 (5th Cir. 2008); *see also United States v. Armstrong,* 550 F.3d 382, 405 (5th Cir. 2008), *cert. denied,* 130 S. Ct. 54 (2009).

AFFIRMED.