# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2012

No. 11-10092

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROLANDO VAZQUEZ,

Defendant - Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-142-1

Before DeMOSS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rolando Vazquez appeals his below-Guidelines sentence and specifically challenges the district court's failure to apply an offense level reduction under United States Sentencing Guidelines Manual §§ 2D1.1(b)(16) and 5C1.2.  We AFFIRM.

## I.

Vazquez pleaded guilty to a one-count indictment charging him with possession of more than fifty grams of methamphetamine with intent to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

distribute in violation of 21 U.S.C. § 841(b)(1)(B). Law enforcement officers learned of Vazquez while investigating a broader drug trafficking organization. Vazquez agreed to speak with officers regarding his criminal activities twice: upon his arrest and again later. After his second interview, Vazquez declined requests from law enforcement for additional interviews.

Vazquez's Pre-Sentence Report ("PSR") assigned him a total offense level of 39. The PSR did not include a two-level reduction under section 2D1.1(b)(16), which applies in a drug case if the defendant meets the criteria set forth in section 5C1.2(a)(1)-(5) for application of the "safety valve."[1] Vazquez objected to the PSR's failure to include the reduction. The Probation Officer agreed that Vazquez had met the first four safety valve requirements but disputed whether he had met the fifth requirement, namely, that he truthfully provided to law enforcement all information he possessed concerning the offense. The PSR indicated that because Vazquez declined to be interviewed following his

---

[1] U.S. Sentencing Guidelines Manual § 2D1.1(b)(16) provides a two-level "safety-valve" reduction for defendants who meet the five criteria listed in section 5C1.2(a):

(1)    the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2)    the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3)    the offense did not result in death or serious bodily injury to any person;

(4)    the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5)    not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

indictment, he was not entitled to the reduction.

At his sentencing hearing, Vazquez pursued his objection. In response to the court's observation that Vazquez declined requests for additional interviews, Vazquez argued that he had "provided all the information he has about the offense, and there's nothing in the presentence report that shows he didn't." Vazquez also called Drug Enforcement Agency Task Force Officer Mott as a witness. Task Force Officer Mott testified that he was unaware of any information Vazquez possessed that he had not provided to officers. The district court then launched into its own series of questions at the sentencing hearing *sua sponte*. It asked: "You don't know what information that he might have had that he didn't disclose about the offense or related offenses or relevant conduct offenses?" Task Force Officer Mott answered no. The court pointed out that "[t]here's no way for you to know that?" Task Force Officer Mott agreed but added: "I don't know of anything else."

The district court then overruled the objection, concluding as follows:

> I cannot find that your client has, prior to this day, provided the Government all information and evidence he has concerning the offense or the offenses that were part of the same course of conduct. The fact that the case agent for the Government can't say one way or the other certainly is not proof that he did, so I'll overrule that objection.

Having overruled Vazquez's objection to the failure to apply the two-level safety valve reduction, the district court found a total offense level of 39. Vazquez had no criminal history, therefore his criminal history category was I, bringing his Guidelines range to 262–327 months imprisonment.

Vazquez moved for a downward variance from the Guidelines range to 120 months. The district court departed downward but not as far as Vazquez requested, sentencing him to 200 months imprisonment followed by a five-year term of supervised release. Vazquez objected to the sentence as procedurally

and substantively unreasonable.  This appeal followed.

## II.

Vazquez's sole argument on appeal is that the district court reversibly erred by finding that he did not satisfy the fifth safety valve factor, which required him to truthfully provide the government with all the information and evidence he had concerning the offense or offenses that were part of the same course of conduct or common scheme or plan as the one of which he was convicted.  We review a district court's interpretation of the Sentencing Guidelines *de novo*.  *United States v. Harris*, 597 F.3d 242, 250 (5th Cir. 2010). We review the sentencing court's findings of fact and its application of the safety valve provision for clear error.  *United States v. Lyckman*, 235 F.3d 234, 237 (5th Cir. 2000).  "Under the clearly erroneous standard, if the district court's account of evidence is plausible in light of [the] record viewed in its entirety,  the Court of Appeals may not reverse it even though convinced that had it been sitting as trier of fact, it would have weighed the evidence differently."  *Burton v. United States*, 237 F.3d 490, 500 (5th Cir. 2000) (citing *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996)).  "Furthermore, a district court may adopt facts contained in a PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence."  *United States v. Lopez-Urbina*, 434 F.3d 750, 767 (5th Cir. 2005) (citing *United States v. Cooper*, 274 F.3d 230, 239 (5th Cir. 2001)).  We conclude that the district court did not clearly err in its application of the safety valve provision.

Vazquez argues that the district court interpreted section 2D1.1(b)(16) incorrectly to require him to prove that there was no possibility that he had withheld information. The party that seeks to adjust the sentence "has the burden of proving the facts to support the adjustment."  *United States v. Flanagan*, 80 F.3d 143, 146 (5th Cir. 1996) (citing *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995)).  Sentencing facts must be proven by a

preponderance of the evidence. *United States v. Partida*, 385 F.3d 546, 565 (5th Cir. 2004) ("Under the Sentencing Guidelines, a district court's operative fact finding is generally subject only to a preponderance of the evidence standard."). Thus, to avail himself of the two-level safety valve reduction, Vazquez had to prove by a preponderance of the evidence that by the time of the sentencing hearing, he had "truthfully provided to the Government all information and evidence [he had] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." § 5C1.2(a)(5).

Vazquez points out that he agreed to more than one interview with law enforcement and in each interview willingly divulged an extensive amount of information going beyond merely confessing the criminal conduct that resulted in his arrest. He also explains that officers point to no information he provided that was false or misleading. Finally, he points to Task Force Officer Mott's testimony at his sentencing hearing that he did not "know of anything else" that Vazquez knew but had not disclosed. He concludes that he proved by a preponderance of the evidence that he had provided all information and evidence he had concerning the offense or offenses that were part of the same course of conduct or of a common scheme of plan to the one of which he was convicted.

The government responds that after the two interviews Vazquez discusses, he refused further interviews. According to the government, if it had been able to interview Vazquez further, it would have asked him additional questions about the criminal enterprise. The government argues that because Vazquez declined further interviews, it never had the chance to answer those questions, and thus Vazquez managed to withhold relevant information from the government.

The PSR contradicts Vazquez's argument that he answered all of the officers' questions and supports the government's argument that it wished to ask him further questions about the criminal enterprise. Moreover, Task Force

Officer Mott merely testified that *he* was not aware of any information that Vazquez withheld. Given that more than one officer interviewed Vazquez, Task Force Officer Mott's testimony does not contradict the PSR's indication that Vazquez refused to answer several questions. Vazquez's decision to decline further interviews reinforces the inference that he withheld information. Therefore, the district court did not clearly err in finding that Vazquez failed to prove by a preponderance of the evidence that he provided all information and evidence he had to the government. We AFFIRM.