UNITED STATES of America,
Plaintiff–Appellee

v.

Sergio Maclovio MARTINEZ–
CORRALES, Defendant–
Appellant.

No. 11–40899
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 17, 2012.

Ernest Gonzalez, Assistant U.S. Attorney, U.S. Attorney's Office, Plano, TX, for Plaintiff–Appellee.

Arturo Hernandez–Melendez, Esq., San Jose, CA, for Defendant–Appellant.

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM: *

Sergio Maclovio Martinez–Corrales appeals the 168–month prison sentence imposed on his guilty plea conviction for conspiracy to possess with intent to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual). *See* 21 U.S.C. §§ 841(a)(1), 846. We AFFIRM.

Martinez contends that the district court abused its discretion when it declined to decrease his offense level on the basis of his role in the offense, grant a downward departure by reducing the offense level by one level on the basis that the offense constituted behavior that was aberrant for him, and grant a downward departure by reducing the offense level by two levels in exchange for his stipulating to deportation.

We review sentences for reasonableness in light of the sentencing factors of 18 U.S.C. § 3553(a). *See Gall v. United States,* 552 U.S. 38, 46, 49–50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Reasonableness review is bifurcated. *Id.* at 51, 128 S.Ct. 586. We must first decide whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range." *Id.* If the sentence is procedurally sound, we next consider "the substantive reasonableness of the sentence." *Id.* In reviewing for reasonableness, we "merely ask[ ] whether the trial court abused its discretion." *Rita v. United States,* 551 U.S. 338, 351, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Castillo,* 430 F.3d 230, 238–39 (5th Cir. 2005) (internal quotation marks and citation omitted).

Martinez contends that he played a minor role in the offense and consequently should have been given a two-level reduction in his offense level, citing U.S.S.G. § 3B1.2(b). A defendant bears the burden of showing that the PSR is inaccurate; in the absence of credible rebuttal evidence, the sentencing court may adopt the PSR's findings as its own. *United States v. Ayala,* 47 F.3d 688, 690 (5th Cir.1995). Martinez produced no evidence that he played

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a minor role. He offered only the arguments of his counsel that the PSR did not accurately reflect the facts about his role. Martinez has not shown that the district court committed procedural error in adopting the PSR and declining to grant him the minor-role reduction. *See Ayala,* 47 F.3d at 690; *See United States v. Flanagan,* 80 F.3d 143, 146 (5th Cir.1996). Consequently, he cannot prevail on his claim that it was error to deny him the additional four-level adjustment available only to someone who "receives an adjustment under § 3B1.2." U.S.S.G. § 2D1.1(a)(5). The district court did not abuse its discretion in denying Martinez any reduction for a mitigating role.

We also reject Martinez's contention that the district court abused its discretion when it refused to depart downward on the basis of aberrant behavior. We have no jurisdiction to consider the claim that the district court abused its discretion in denying a downward departure, as the record shows that the district court understood that it was free to depart from the Guidelines range. *See United States v. Hernandez,* 457 F.3d 416, 424 & n. 5 (5th Cir. 2006). We may consider whether the sentence was unreasonable because the district court "failed adequately to consider factors counseling in favor of a downward departure." *United States v. Nikonova,* 480 F.3d 371, 375 (5th Cir.2007), *abrogation on other grounds recognized by United States v. Delgado–Martinez,* 564 F.3d 750, 752 (5th Cir.2009). However, a downward departure for aberrant behavior is improper in light of the pertinent Guideline policy statement, which provides that this departure is not available if the "offense of conviction is a serious drug trafficking offense." U.S.S.G. § 5K2.20(c)(3). Martinez's drug trafficking offense carries a mandatory minimum sentence of 10 years in prison. *See* 21 U.S.C. § 841(b)(1)(A)(viii). Thus, Martinez was ineligible for a downward departure for aberrant behavior. *See* U.S.S.G. § 5K2.20 cmt. n. 1 (defining *serious drug trafficking offense* ). The district court did not abuse its discretion by rejecting a departure on the basis of aberrant behavior. *See Rita,* 551 U.S. at 351, 127 S.Ct. 2456; *Castillo,* 430 F.3d at 238–39.

Additionally, we find no merit to Martinez's claim that, under § 5K2.0(a)(2)(B), he should have been given a downward departure because he was willing to stipulate to deportation. The district court did not abuse its discretion by rejecting Martinez's novel argument for imposing a sentence below the Guidelines range; Martinez's within-range sentence is presumptively reasonable. *See Nikonova,* 480 F.3d at 375–76; *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006).

AFFIRMED.