# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10842
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DONALD RAY COX, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-50-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In 2015, Donald Ray Cox, Jr. pleaded guilty to possession, with intent to distribute, methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The presentence investigation report (PSR) originally recommended, *inter alia*, Cox was accountable for 5.15 kilograms of methamphetamine, resulting in a base-offense level of 34. Following several enhancements and reductions, not challenged on appeal, Cox's total-offense level was 33, with a

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-10842

criminal history category of I, which resulted in an advisory-Sentencing-Guidelines range of 135 to 168 months' imprisonment.

Multiple addenda were issued for the PSR.  Relevant here, the second stated recent tests reflected the average purity of the methamphetamine from Cox's supplier was 96.58 percent.  As a result, the PSR recommended Cox be held accountable for 4.97 kilograms of methamphetamine actual, which resulted in an increased base-offense level of 38.  Cox's revised total-offense level was 37, resulting in an advisory sentencing range of 210 to 240 months' imprisonment.  Cox objected to the second addendum, asserting, *inter alia*, the laboratory tests upon which it relied were insufficient to prove the methamphetamine's purity.  In rejecting those contentions, a third addendum maintained Cox presented no evidence in support of his challenge.

At sentencing, the court overruled Cox's objections; adopted the PSR's factual findings, including those in the second addendum; granted a two-level safety-valve reduction, resulting in a sentencing range of 168 to 210 months' imprisonment; and sentenced Cox to 190 months' imprisonment.  In challenging that sentence, Cox asserts the court erred in adopting the PSR's factual findings regarding the methamphetamine's purity.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

2

No. 15-10842

"Factual findings are not clearly erroneous if they are plausible in light of the record read as a whole." *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995). And, a PSR "generally bears sufficient indicia of reliability to be considered as evidence by the trial judge in making the factual determinations required by the sentencing guidelines". *United States v. Alford*, 142 F.3d 825, 831–32 (5th Cir. 1998) (internal quotation marks omitted). Therefore, Cox "bears the burden of presenting rebuttal evidence to demonstrate that the information in the PSR is inaccurate or materially untrue". *United States v. Scher*, 601 F.3d 408, 413 (5th Cir. 2010). In the absence of such evidence, the court may rely upon the PSR and adopt its factual findings. *E.g.*, *Ayala*, 47 F.3d at 690.

Cox asserts the court clearly erred by adopting the PSR's use of purity levels associated with methamphetamine seized in 2013 and 2014 from Cox's supplier to extrapolate the purity of the methamphetamine Cox possessed between 2008 and 2010. Although Cox called witnesses at sentencing who testified there were no purity tests performed on the methamphetamine he possessed, he failed to present any evidence to rebut the finding the drugs seized from him were not significantly less pure than those seized in 2013 and 2014. Moreover, the court was entitled to "extrapolate the [drug] quantity from any information that has sufficient indicia of reliability to support its probable accuracy". *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks omitted). Accordingly, Cox has not established the court's drug-quantity determination was clear error. *E.g.*, *United States v. Sullivan*, 584 F. App'x 203, 203–04 (5th Cir. 2014).

AFFIRMED.